THE OCEAN GROVE, &c., ASSOCIATION v. SOPHIE W. BERTHALL.

Submitted March 28, 1898—Decided June 13, 1898.

Where a forfeiture of demised premises has been incurred by the tenant, the landlord cannot enforce it against such portion thereof as he desires to retake into his possession and waive it as to the rest of the premises.

On error to the Monmouth Circuit Court.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiff in error, *Samuel A. Patterson* and *Joseph Coult.*

For the defendant in error, *Hawkins & Durand.*

The opinion of the court was delivered by

GUMMERE, J. This is an action of ejectment. The defendant, in the year 1874, leased from the Ocean Grove Association a lot fronting on Heck avenue and numbered 592 on the official map of Ocean Grove. The lease was for a term of ninety-nine years, with the privilege of renewal. At the time of the execution of the lease the exterior lines of Heck avenue, instead of being parallel, spread out like the partly-opened legs of a pair of compasses. Afterward, the association, at the request of a majority of the lessees of lots along the said avenue, by a resolution passed for the purpose, straightened its lines so as to make it the same width from end to end, and surrendered to the said lessees the exclusive occupation of the lands lying in front of their respective lots which had been thrown out of the street by the straightening of its lines. The resolution, however, restricted the lessees from erecting any building or structure of any kind upon said land or from using it except for the purpose of a lawn or flower plot. The association retained their ownership in

the thrown-out land to the same extent that it existed prior to the change in the street lines, and reserved to themselves the right to again subject the land or any part thereof to public use as a highway if they should deem it necessary.

Shortly after the surrender of possession to the defendant of that portion of the thrown-out strip of land which lay in front of her lot, she erected thereon a porch to her house, whereupon the association brought this action to recover possession of so much of the land as was covered by the porch, claiming that their right to do so became fixed by the violation of the restriction contained in their resolution.

On the trial at the Circuit the presiding judge held that under the facts above recited the plaintiff could not maintain ejectment. I concur in that view. By the lease to the defendant she took not only the land lying within the four corners of her lot as delineated upon the map of the association, but also, as a part of her lot, the land lying in front of it to the middle line of the street, subject, of course, to the public easement of travel over the same. *Salter* v. *Jonas,* 10 *Vroom* 469. And when the public easement over any portion of the land lying within the street lines was terminated, she was entitled, under her lease, to the exclusive occupation of such portion.

Whether or not the association, upon vacating a portion of the street, thereby destroying the public easement to which a part of the defendant's lot had been theretofore subjected, could impose restrictions as to the user thereof which would be binding upon the defendant, it is not necessary to stop to consider. Conceding that they had a right to do so, and that the failure of the defendant to observe such restrictions operated to work a forfeiture of her estate in the demised premises (which is doubtful, to say the least), it is perfectly manifest that the association could not select out from the demised premises such portion thereof, large or small, as it saw fit and enforce the forfeiture so far as that parcel is concerned against their lessee, compelling her at the same time to retain the remaining portion thereof whether she desired

to do so or not. They must either enforce the forfeiture against the whole of the demised premises or they must waive it altogether.

The judgment of the Circuit Court should be affirmed.